# SUPERIOR COURT OF BALTIMORE CITY.

Filed March 7, 1925.

FREDERICK C. STEINWEDEL
VS.
WILLIAM F. HELBERT, ET AL.

*Irving H. Mezger* and *Geo. S. Yost* for plaintiff.

*Walter C. Mylander* for defendant owners.

*Benzinger & Dinneen* for defendants lessee.

FRANK, J.—

I have already held herein that plaintiff cannot recover unless he alleges and proves that the protection relied on was designed for the protection of the class of persons of which he is one. Of course, this means that the ordinance must be in effect at the time of the happening of the injury which is the basis of his claim. He was injured June 19th, 1923, Ordinance No. 155, approved June 8th, 1908, provided that "all elevator shafts must be enclosed from floor to ceiling." The ordinance of 1922, in Section 1, repealed and re-enacted the ordinance of 1908 (Ordinance 1922, Section 1), and apparently without any saving clause. The ordinance of 1922 was approved June 16th, 1922, and became effective from the date of its passage (Section 4, page 112), or at all events thirty days after its passage (Rule 17, page 109).

By Rule 2, Section 4 (page 17) "hoistways, guards and screens," where fireproof construction is not required, hoistways shall be enclosed to a height not less than six (6) feet from each floor on all sides not used for loading or unloading. By reference to the accompanying key figure to effective date of this rule, i. e., (5), it will be seen that this being an existing installation, the requirement would become effective within two years after the ordinance became effective, i. e., in no event before July 16th, 1924, or 13 months after the accident (Sec. 26 [5] page 110). This provision of the Ordinance of 1922 is so totally repugnant to the provision of the Ordinance of 1908 above quoted that it would repeal the same by implication in the absence of a saving clause. Such a clause 1 cannot find in the Ordinance of 1922.

The provisions of Section 25, Rule 6 (page 103) relied on by the plaintiff seems to me obviously to apply only to the elevator or apparatus involved in the running of the elevator and not to the enclosure. The alterations and repairs to be made are such "as may be necessary for the safety of persons and property using or carried upon said elevator, etc." The penalty for failure to make the alterations and repairs after notice from the Inspector of Buildings is "the discontinuance of the use of 'the elevator, and the alterations and repairs must be made' before the same is again put in use." Obviously this requirement cannot apply to the enclosure of the elevator since none of its provisions are applicable thereto. The shaft would be no safer even if the elevator is not running, if there be no enclosure about it.

I have, therefore, reluctantly come to the conclusion that the Ordinance of 1922 had not became effective in its requirement of the enclosure of the elevator shaft involved in this case at the time of the accident to the plaintiff; although the Ordinance of 1908 had become inoperative, I had reached the conclusion that the plaintiff would have been within its protection had it then been in effect.

For these reasons, I must sustain the demurrer to the 2nd Amended Declaration filed December 24, 1924, with leave to amend in 15 days.